IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

IN RE:                        }

                           }

ROBBIE LESTER DELLINGER   }           CASE NO. 20-41208-JJR7
VICKI LORENE DELLINGER,    }

                           }

      DEBTORS.          }

## OPINION AND ORDER

This case came before the court on September 23, 2021, for a hearing on the Third
Amended Motion for Relief from Stay or Motion to Amend Order Lifting Stay (the "Motion to
Annul or Amend," Doc. 90) filed by Harsha Hatti and Hatti Group RE, LLC (the "Movants").
Appearances were made by H. Arthur Edge, III, attorney for the Movants, and by Robert C. Keller,
attorney for the Debtors. William Dennis Schilling also appeared as attorney for Rocco J. Leo, the
chapter 7 trustee.

To understand the dispute presented in the Movants' Motion to Annul or Amend it is
necessary to consider the resolution of their earlier Amended Motion for Relief (Doc. 41 and
herein, the "Amended Motion").[1] In the Amended Motion, the Movants alleged they had suffered
damages caused by defects in construction work performed by Robbie Dellinger (one of the joint
Debtors) and others. The Amended Motion recited that the Movants had filed a lawsuit against
Mr. Dellinger and other defendants in the Jefferson County, Alabama Circuit Court on November
3, 2020 (Doc. 41 ¶ 2), which was almost two months after the Dellingers filed this chapter 7
bankruptcy case. The Amended Motion requested "relief from the Bankruptcy Court to continue
prosecuting [the Movants'] claims against Debtor Robbie Lester Dellinger in the Circuit Court of

---

[1] Initially, the Movants filed a Motion for Relief from Stay (Doc. 31) which was later
replaced with the Amended Motion to make corrections required by the Clerk's Office.

Jefferson County to ascertain Debtor's liability and, if applicable, damages owed to Plaintiffs/Creditors, and to collect only against Debtor's insurance or other third-party sources and make no claim against the estate." (Doc. 41 ¶ 7.)  On December 9, 2020, based upon notification from Debtors' counsel and from the trustee stating they consented to the relief requested, the court entered an order (the "Order," Doc. 44) that granted the Movants' Amended Motion and vacated the hearing set the next day.

In the months following the entry of the Order, the Debtors retained new counsel, and their original counsel, who had announced their consent to the Amended Motion, withdrew.  Although it is not clear exactly who first raised the issue—it appears it was the state court judge at the Debtors' urging—the Movants are now concerned that "lifting" the stay, even with the Debtors' consent, was not sufficient to allow the state court lawsuit to move forward since it was filed postpetition and would usually be considered null and void.  Thus, the Movants now ask the court to amend the Order and include a provision that will explicitly annul the stay and thereby ratify the commencement of the state court lawsuit postpetition.  Despite the stay relief having been previously granted by consent, the Debtors argued at the hearing that it was too late to amend the Order under Fed. R. Bankr. P. 9023 (which provides only a 14-day window for doing so) [2] and that on the merits, it would not be appropriate to annul the stay because there are no extraordinary circumstances required by the Eleventh Circuit to justify annulment. If annulment of the stay—as opposed to relief from or lifting the stay—was in fact necessary to validate the continuation of the

_____

[2] The court agrees with the Debtors that the 14-day window to alter or amend the Order under Fed. R. Bankr. P. 9023 has closed. The Movants did not recite what code or rule authority supports the Motion to Annul or Amend. Motions to amend in general fall under Rule 9023; and Rule 9024 does not seem to apply in this situation where the Movants are not saying the court needs to correct its own mistake or oversight, and are not seeking relief from the existing order, but are seeking to add to the relief granted in the existing order. Accordingly, the court finds neither Rule supports the relief requested in the Motion to Annul or Amend.

Case 20-41208-JJR7    Doc 100    Filed 09/29/21    Entered 09/29/21 10:01:09    Desc Main
Document      Page 2 of 7

state court lawsuit, and if, as the Debtors contend, the Order may not now be amended to annul the stay, then the result would allow the Debtors to effectively renege on their previous consent to the Amended Motion.[3]

At the conclusion of the hearing on the Motion to Annul or Amend, the court offered the parties an opportunity to submit briefs on the issues raised, but all parties declined,[4] and the court took the matter under advisement. Having considered the matters of record, the consent of all parties to the Order granting the relief requested in the Amended Motion, the arguments of counsel at the hearing, and the relevant statutory and case authority, the court finds and concludes that the Debtors' previous consent to the Amended Motion precludes them from now disputing the validity of the postpetition state court lawsuit, and that lawsuit may proceed pursuant to the parties' agreement.

Bankruptcy Code § 362(d) provides in part, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay . . . ." The Amended Motion unequivocally requested that the state court lawsuit, explicitly averred therein

---

[3] The trustee did not object to the Motion to Annul or Amend.

[4] Although the Debtors declined the court's offer to file briefs in support of their position, the day after the hearing, they filed a Motion for Leave to File Supplement (Doc. 95), apparently having changed their minds—much like rethinking their original consent to the stay relief sought by the Movants—and now seek permission "to file supplemental documents and authority in support of their opposition to [the plaintiffs' Motion to Annul or Amend] . . . ." However, whether the stay should be annulled at this juncture is not the issue and further debate thereon will not assist the court in reaching its ruling, and thus the Debtors' Motion for Leave (Doc. 95) is denied. As discussed herein, the Debtors' previous consent to stay relief precludes their seizing upon another defense—annulment—that could have been raised but was not. It is now immaterial under what theory the state court lawsuit was allowed—by consent—to move forward. The Debtors have waived any defect that might have otherwise barred the Movants from pursuing the state lawsuit although it was filed postpetition.

3

as having been filed postpetition, be allowed to continue to judgment with any collection being limited to insurance proceeds or other third-party sources. While the word "annul" was never used in the Amended Motion, neither was the word "terminated." Instead, the Amended Motion repeatedly used the phrase "relief from the automatic stay" and the term "lift" the automatic stay.

The Debtors' argument, and apparently the concern of the Movants and the state court, is that the stay should have been annulled, not merely terminated or lifted, to allow the state lawsuit to proceed.[5] Thus the Movants ask this court to amend the Order to include annulment retroactive to the filing of the state court lawsuit, although they do not explicitly request a new order annulling the stay in the event the existing Order cannot be amended.

The court finds that the Movants are entitled to the relief they seek in the Motion to Annul or Amend but not necessarily in the manner they suggest. By virtue of their unqualified consent to the granting of the Amended Motion, the Debtors agreed to allow the Movants to pursue the postpetition state court lawsuit to judgment, provided that any such judgment could only be recovered from insurance proceeds or third-party sources. The relief sought by the Movants in their Amended Motion was to allow the lawsuit to proceed, and having consented to that relief, the Debtors may not now split hairs and effectively back out of their agreement. Annulment as the appropriate remedy could have been raised by the Debtors in defense of the Movants' Amended

---

[5] Actions taken in violation of the stay, including judicial actions, are generally void ab initio in the Eleventh Circuit. *In re Albany Partners, Ltd*., 749 F.2d 670, 675 (11th Cir. 1984). This means that the filing of the state court action and any rulings therein are nullities unless the court annuls the stay, retroactively giving legal effect to the filing of the complaint and subsequent events in the state court case. *See Merriman v. Fattorini (In re Merriman*), 616 B.R. 381 (9th Cir. B.A.P. 2020) (bankruptcy courts may annul and retroactively terminate the automatic stay as a matter of statutory authority unimpeded by the Supreme Court's decision in *Roman Catholic Archdiocese of San Juan, Puerto Rico v. Feliciano*, 140 S. Ct. 696 (2020)); *see also Albany Partners*, 749 F.2d at 675 (the automatic stay is a fundamental debtor protection and in general, bankruptcy courts should be hesitant to annul the stay and validate acts taken in derogation of the stay).

Motion, but it was not, and under federal principles of issue preclusion (also referred to as collateral estoppel) it is too late to seek another bite at the apple. "Issue preclusion … bars 'successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment,' even if the issue recurs in the context of a different claim." *Sellers v. Nationwide Mutual Fire Ins. Co.*, 968 F.3d 1267, 1272 (11th Cir. 2020) (quoting *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008)).

> Although collateral estoppel, or issue preclusion, and res judicata are distinct, a similar analysis applies when considering the preclusive effect of a consent decree. Collateral estoppel traditionally requires that the issue in the second suit be: 1) identical to an issue in the former action, 2) actually litigated and determined by the parties, and 3) necessarily so determined. *Barber v. International Brotherhood of Boilermakers,* 778 F.2d 750, 757 (11th Cir.1985) (citing *Williams v. Bennett,* 689 F.2d 1370, 1381 (11th Cir.1982), *cert. denied,* 464 U.S. 932, 104 S.Ct. 335, 78 L.Ed.2d 305 (1983)); *Hart,* 787 F.2d at 1473. As we pointed out in *Barber,* "[t]he nature of consent decrees forces a twist in this traditional analysis" because the second requirement, actual litigation, is always missing when cases are settled. *Id.* The proper analysis, as outlined in *Barber* and its predecessor *Kaspar Wire Works,* 575 F.2d at 539, is whether the parties specifically agreed to preclude a given issue in the consent decree. "The central inquiry in determining the preclusive effect of a consent decree is the intention of the parties as manifested in the decree or otherwise." *Barber,* 778 F.2d at 757. Intent may be inferred from the words of the agreement or the record. *Id.*

*Richardson v. Alabama State Bd. of Educ.*, 935 F.2d 1240, 1245 (11th Cir. 1991). Consent orders have issue preclusive effect as to issues that were "reasonably foreseen at the time of the agreement." *Id.* at 1246. *Cf. Blocker Family Enters., L.L.C. v. Blocker (In re Blocker)*, 411 B.R. 516 (Bankr. S.D. Ga. 2009) (principles of collateral estoppel applied to consent agreement regarding the automatic stay, and precluded debtors from contesting stay relief in a future case, when they had entered into a consent agreement in their prior case providing for the future relief).

The validity of the postpetition state court lawsuit was necessarily a foreseeable issue at the time of the Debtors' consent to the Amended Motion. The date the lawsuit was filed was no secret, and the intention of the Debtors to allow the lawsuit to proceed was manifested when they

agreed to lift the stay for that purpose. The Debtors now dispute the propriety of filing the state court lawsuit in the first place and make much of the apparent notice of the bankruptcy that was provided to the Movants and their counsel before the lawsuit was filed. But that is an issue that could have been, and was not, raised in response to the Amended Motion, which itself provided notice to the Debtors that the lawsuit had been filed postpetition. Rather than raise the postpetition filing issue in response to the Amended Motion, the Debtors consented to the relief requested, and that relief was to move forward with the lawsuit to judgment. Consenting to proceed with the suit by logical necessity included consent to the suit being commenced postpetition in the first place. The Debtors are now, by virtue of their consent to stay relief, collaterally estopped from attacking the validity of the postpetition filing of the state court lawsuit.[6]

Accordingly, this court hereby GRANTS the relief sought by the Movants' Motion to Annul or Amend (Doc. 90), not by amending the Order, but by concluding that by virtue of the Debtors' consent to the Amended Motion, to the extent the automatic stay would have otherwise nullified and voided the state court lawsuit, the Order granting the Amended Motion ratified and revived the lawsuit, and the Debtors are estopped from challenging the validity of the postpetition commencement and continuation of the lawsuit. Further, pursuant to the parties' consent, the automatic stay remains terminated to allow the state court lawsuit to proceed to judgment, with the

---

[6] There is no prejudice to the Debtors as a result of precluding them from arguing otherwise, as they have also agreed, on the record at a hearing conducted on March 18, 2021 in the dischargeability adversary proceeding filed by the Movants (AP 20-40034-JJR), to stay all activity, deadlines, and report requirements in that adversary proceeding pending the outcome of the state court action (filed by Robbie Dellinger as plaintiff) related to that adversary proceeding, which the court understands to be a different state court action than the one involved in the Motion to Annul or Amend. During that March 18, 2021 hearing, the Debtors' counsel and counsel for the Movants agreed that the two state court lawsuits were bench trials and that each should proceed as their outcomes would flesh out the issues of damages and nondischargeability. A status conference in AP 20-40034-JJR remains set for October 28, 2021.

proviso that any judgment awarded against the Debtor Robbie Dellinger may be collected only from available insurance, if any, and not from him individually or his property.[7]  Finally, for the reasons stated herein at note 4, the Motion for Leave to File Supplement (Doc. 95) is DENIED.

So done and ordered this 29th day of September 2021.

/s/ James J. Robinson
JAMES J. ROBINSON
CHIEF UNITED STATES BANKRUPTCY JUDGE

---

[7] It is difficult for the court to understand why the Debtors are now resisting the continuation of the state court lawsuit after agreeing to allow exactly that when they consented to the Amended Motion.  This court routinely grants stay relief to plaintiffs who wish to pursue debtors postpetition in state courts to collect insurance coverage, but with the condition that collection of any judgment may not be attempted against the debtor or his property.  In such cases, the insurance carrier pays the expense of defense counsel, and other than the slight possibility of having to spend some time in a courtroom during trial—which is rare since the vast majority of these cases settle—there is no risk to the debtor or his discharge.  The court must ask, if there is insurance to cover a creditor's claim that a debtor has discharged in his bankruptcy, why stand in the way of a possible recovery from another source?  One is reminded of Aesop's fable, the "Dog in the Manger."